(Decided 13th January, 1893.)

FIELDER C. SLINGLUFF, Trustee, and FIELDER C. SLINGLUFF *vs.* JAMES C. SMITH and J. LELAND HANNA, Trustees in Insolvency of FORSTER, CLARK & CO.

*Deed of Trust for Benefit of Creditors—Commissions to Trustee under Void deed.*

Where a deed of trust for the benefit of creditors is declared void for fraud on the part of the grantor, the trustee will not be allowed his commissions.

APPEAL from the Circuit Court of Baltimore City.

The appeal in this case was taken from a decree passed by Judge DENNIS. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, ROBERTS, McSHERRY, and BRISCOE, J.

*John Prentiss Poe, Attorney-General,* for the appellant.

JANUARY TERM, 1893. 559

Slingluff vs. Smith and Hanna, Trustees.

*William S. Bryan, Jr.,* and *Edgar H. Gans,* (with whom were *Edward N. Rich,* and *B. Howard Haman,* on the brief,) for the appellees.

ROBERTS, J., delivered the opinion of Court.

The record in this case presents but a ngle question for the consideration of this Court. The question is, "was the Court below right in refusing to allow to the appellant any compensation whatever for his services to the trust estate of Forster, Clark & Co., in the interval between December 14th, 1887, the date of the deed of trust to him, and June 12th, 1889, on which day the deed was finally adjudged to be void by this Court? The facts are that George H. Forster on the 14th of December, 1887, made a deed of trust to the appellant for the benefit of creditors. The appellant accepted the trust, and proceeded to administer it under the direction of the Circuit Court of Baltimore City. Subsequently in the month of January, 1888, certain creditors of Forster, Clark & Co., of which firm, said George H. Forster was a member, caused to be issued out of the Superior Court of Baltimore City, attachments for the purpose of assailing the validity of said deed. In the following December, the Court quashed the attachments, and the creditors took the appeal to this Court, which declared said deed to be fraudulent and void. *Collier and Shea, Ex'rs vs. Hanna and Smith, et al.,* 71 *Md.,* 253. The appellant obtained on April 2nd, 1888, and on May 18th, 1888, orders from the Circuit Court, by which he was allowed certain commissions. On May 29th, 1888, certain creditors filed objections to the allowance of the commissions. The said Forster, Clark & Co. having been adjudicated insolvents, the appellees, were on the 1st of May, 1888, elected and qualified, as their permanent trustees. On the 12th of June, 1888, the appellees filed their bill of complaint assailing the valid-

Slingluff *vs.* Smith and Hanna, Trustees.

ity of the deed from Forster to the appellant, which bill was amended on the 19th of July, 1889. The latter bill amongst other things, asked to have rescinded the orders of April 2nd, 1888, and May 18th, 1888, allowing commissions to the appellant. On the 27th June, 1892, the Court below filed an opinion sustaining the contention of the appellees, and immediately thereafter signed a decree rescinding the two orders, allowing commissions to the appellant, and directing him to pay over to the appellees, the sum of three thousand, six hundred and sixty-nine dollars, and fifty cents, the amount admitted by the appellant to be due by his final account, filed May 12th, 1892, and also the sum of nine thousand and twenty-five dollars, and seventy-nine cents, the amount retained by the appellant for his commissions. From this degree this appeal is taken. It will scarcely be necessary to enter upon any extended discussion of the facts of this case, in order to reach the only conclusion which, in our opinion can be properly maintained. It must be conceded that the deed in question did not fall through any fraud of the appellant, but through that of Forster, and if he misapprehended his duty in the premises, it is nevertheless a hardship upon him that he sees his time and labor misapplied without hope of remuneration. There is, however, but one rule applicable to persons who have had the misfortune to meet a fate like his. We have been able to find but a single case, which has apparently departed from it. When deeds are annulled and vacated, because they are fraudulent in fact, they are to be considered as void *ab initio*, and wholly wanting in legal fitness to stand even as security for advances. They have in truth no lawful existence, and to use the expression of Mr. *Sugden*, 525, "It would be wholly inconsistent and absurd to recognize them for any lawful purpose." *Strike vs. McDonald, & Son*, 2 *H. & G.*, 261; *Bennet vs. Musgrove*, 2 *Ves., Sr.*, 52;

*Sands, et al. vs. Codwise, et al.*, 4 *Johns.*, 536; *Boyd vs. Dunlap*, 1 *Johns. Ch.*, 482.

This doctrine is in no way impaired by the fact that Courts having jurisdiction in such cases, have uniformly allowed to be paid all such necessary disbursements, as benefit or tend to benefit all the creditors of the assignor. Such a result necessarily follows as the natural consequence of the changed condition of the property sought to be assigned. So in this case, whilst the appellant found himself under the provisions of said deed burdened with cares and responsibilities, and called upon to occupy his time in the discharge of duties, and the performance of labor, yet all this was self-imposed; "the law presumes every man to intend the legal consequences which must naturally flow from his own voluntary acts," and every man is held responsible accordingly. In this case the appellant does not appear to have been entirely without apprehension, as appears from the petition which he filed in the Court below, on the 18th of May, 1888, in which he says, "that the deed of trust under which he has been acting, has been attacked by numerous proceedings at law, by way of attachment, under which said proceedings an effort is being made to break said deed, and thus secure to said attaching creditors a preference; that proceedings have also been taken in insolvency, looking to the breaking of said deed of trust, and which said proceedings, if successful, can only result in the destruction of the trust estate in the way of costs, fees, &c., without any beneficial result to the creditors, and as already reported to your Honor, your petitioner under order of Court, employed counsel, and is resisting the various assaults upon said deed of trust; *but if said attacks on said deed, or any of them, should be successful, and the deed should be declared null, your petitioner is doubtful if the jurisdiction of this Court should then further extend to said trust, and your petitioner might not be able*

*to get his usual commissions on the trust estate, which has come into his hands.*"

If therefore the appellant had heeded the intimation which the attachment proceedings had foreshadowed to him, he could have saved himself from a vast amount of trouble, and the estate a very considerable expenditure of money. In this state of case, we may regret our inability to afford relief, but we cannot fail to recognize the clearly expressed doctrine of the law, which we think is founded in reason and sustained by ample authority. In the case of *Haydock Carriage Co. vs. Pier*, 78 *Wis.*, 581, where the question of what allowances were to be made to the trustees under a void assignment, but under which the trustees acted in good faith, was considered, the Court says: "The question to be determined on this appeal is, what expenses incurred by the assignee under a void assignment for the benefit of creditors, will be allowed him as against a creditor of the assignor, at whose suit the assignment has been adjudged void. Numerous adjudications have been cited by counsel for the respective parties, bearing upon this question, but it is unnecessary to refer to them in detail. They have been carefully examined, and the rule fairly deducible from them is, that in a case like this, in which the assignee has acted *under the direction of the Court and in perfect good faith, believing the assignment valid,* he will be allowed for all such necessary disbursements as benefit, or are intended to benefit, all the creditors of the assignor, *excluding commissions of the assignee.*"

And in *Hastings vs. Spencer*, 1 *Curtis Cir. Ct.*, 508, the Court says: "I must therefore, consider that these assignees either knew all the facts upon which the deed has been declared void, or had the means of knowing them very soon after the deed was delivered. And when they proceeded under these circumstances, to execute such trusts, I consider that they acted at the peril of losing

all compensation for their services, if creditors should interpose and the trust be declared fraudulent, by reason of facts within their knowledge. I do not impute to them any intentional wrong; but the principle of law must be applied to their case. Upon those principles they were executing trusts fraudulent as against creditors, and they had at least *constructive* knowledge of the fraud. They cannot be treated as creditors upon the footing of a claim for such services."

Again, in *Leavitt vs. Yates*, 4 *Eds. Chan.*, 205, the Court says: "I have considered the point with regard to the allowances to be made to the trustees on the breaking up of the trust and the surrender of the property; and, although the trust deed provides for a salary or compensation to them out of the property assigned, yet, as the whole thing was void, as being contrary to law, and not merely voidable at the instance of creditors, I am of opinion they can have no just or valid claim to salary or compensation for any services they may have performed in relation to the trust or to the property. Their right in that respect fails them with the failure of their legal title, and the Court of Chancery cannot undertake to allow compensation for services voluntarily undertaken and performed in relation to property, over which the parties could not lawfully assume to exercise a control for the purposes they intended."

In none of the following cases was compensation allowed, although the question was under consideration. *Hunt vs. Weiner, et al.*, 39 *Ark.*, 78; *Bartlett vs. Bramhall*, 3 *Gray*, 257; *Burkholder, et al. vs. Stump*, 4 *Nat. Bank. Reg.*, 597, (8*vo. Ed.*); *Dexter vs Alden*, 1 *N. Y.*, 684; *In re Cohn*, 6 *Nat. Bank. Reg.*, 379. We have had our attention called to but one decision which would seem to indicate a different view from the almost universal *concessum* upon this question, which is the case of *Bishop vs. Smith & Co., Trustees of Hart*, 28 *Vermont*, 76. That

decision is, however, local in its application, and was rendered in the construction of a statute of the State of Vermont. The case of *In re Catlin, Assignee vs. Foster*, 3 *Nat. Bank. Reg.*, 540, where compensation was allowed, was overruled in the case of *In re Cohn*, 6 *Nat. Bank. Reg.*, 379, 386.

In conclusion, it would scarcely be fair to the creditors to say, in this state of case, that the appellant did not have notice of their intention to make war on the deed, since they began their attack in one week after the recording of the deed, which was on the 14th of December, 1887, and the first attachment was laid on the 21st of the same month. We fully concur in the very able opinion of the Court below, and affirm the decree.

*Decree affirmed.*

(Decided 13th January, 1893.)