740

## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 17, 1898.

EX PARTE TRUST ESTATE OF NEWLAND & MERRITT.

*Beverly W. Mister* for exceptants.

*Edward S. Kines* for account.

SHARP, J.—

The exceptions referred to the pendency of attachment proceedings as ground for exception, but as this point was not referred to in the argument, I assume it was not abandoned.

The exceptions to the allowance of commissions to the trustee must be sustained.

Slingluff vs. Smith & Hanna, 76 Md. 560.

The exception to the allowance of a fee to counsel must be overruled. He was employed by order of Court for the protection of the fund in the hands of the trustee. His services in preventing the attaching creditors from obtaining a preference were for the benefit of all interested in the fund. It appears that his services involved a good deal of labor, and I do think the amount claimed reasonable, in fact, moderate.

Perry Mason Shoe Co. vs. Sykes, 28 Lawyer's Reports, Ann. 217.

Hay Dock Carriage Co. vs. Garnishee, 76 Wisc. 583.

The claim of the warehouse company can only be allowed in part. It appears that the celery was stored with the warehouse in separate lots at different times. The lots were always kept separate and distinct. Part of the celery was from time to time delivered without the payment of all the storage charges. The warehouse company now claims a lien on the balance for the storage charges on the lots delivered as well as on that in its hands when the trustee was appointed and which was delivered to the trustee. This cannot be allowed. I do not think they had a lien for balance due them; when they parted with possession their lien was gone.

It is argued that they claimed this lien and delivered the goods to the trustee under a compromise authorized by the Court in which their claim was allowed. Anyone dealing with a trustee is charged with notice of his powers. The petition of the trustee alleges that the Storage Company had a lien for the entire amount allowed it (paragraph 1 of trustee's petition of December 18, 1896). This was not a fact.

The burden is on anyone dealing with a trustee to see that he has proper authority.

If the facts stated in the trustee's petition asking authority to do any act are untrue, and the Court is deceived, the order of Court is ineffectual, to the extent, therefore, of the old balance, I think the Storage Company must prove in the insolvency proceedings as a general creditor. Their lien on the celery delivered to the trustee under the agreement is valid, and they are entitled to be paid in full.

It is contended for the exceptant that the entire fund must be sent to the insolvent Court, and that the claims mentioned, if allowed at all, must be allowed there. I do not think so. The rule where trusts are set aside is to allow the trustee his necessary expenses in protecting the property. The attorney's fees and storage charges are of this character.

The case must be referred to the auditor to state a new account in conformity herewith.